Plaintiff sued the defendant employer for compensation alleged to be due as the result of permanent total disability incurred by reason of injuries suffered in an accident which occurred in the course of his employment. The accident and a resulting injury are admitted, but defendant denied that plaintiff suffered any disability beyond a period of some seven weeks during which compensation had been paid.
After trial there was judgment, in plaintiff's favor as prayed for, awarding compensation for total and permanent disability not exceeding 400 weeks from the date of the accident at the rate of $15.60 per week, from which judgment defendant appealed.
Before setting forth the facts of the case, we take note of an objection made and strenuously urged by defendant's counsel on a question of procedure.
Defendant argues that the case when called for trial was proceeded with by presentation of the testimony of two medical witnesses on behalf of plaintiff and two medical witnesses on behalf of defendant. After plaintiff closed his case, and as defendant completed its testimony, plaintiff moved for a continuance and reopening of the case for all purposes. The Court continued the case, which was refixed for trial, and, subsequently, additional witnesses were heard over defendant's objection. It is contended that this procedure was irregular and unlawful, and that defendant's objection to the hearing of witnesses on any points except in rebuttal should have been sustained.
Reference to the minutes shows that on March 17, 1944, the date of the original trial, "the Court ordered the case refixed for trial for the taking of further evidence for April 7, 1944."
The minutes also show, after noting that the case was fixed, by agreement, for trial on Friday, April 14, 1944: "Case taken up pursuant to fixing for the taking of further evidence. Evidence adduced, witnesses heard, trial of case completed * * *."
We find no error in a proceeding of this character. The refixing of the case for further trial and for hearing the testimony of additional witnesses was a matter within the discretion of the trial Judge, and we find neither abuse nor arbitrary exercise of this discretion on the part of the Court. Defendant was not prejudiced by this procedure since it had equal opportunity with plaintiff of presenting such additional testimony as might be desired. It not infrequently happens, even in matters before an appellate court, that cases are remanded for the purpose of retrial in order to clarify or properly present the facts of a case for determination on appeal. *Page 901 
In our opinion, defendant's objection to the procedure noted is without merit.
With reference to the facts of the case, the record discloses that on January 29, 1943, plaintiff was cleaning out tubes in boilers, using a hose conducting hot water with which he was washing the tubes. The hose broke, striking plaintiff on the right-hand side of the head, and he fell on his face. The end of the broken hose was caught in the back of his overalls, and the hot water poured out upon his back. Plaintiff suffered severe burns on the left side of the back, over an area extending from the top of the shoulder to the waist, which burns have left a scar some 14 inches in length and 12 inches wide. After a period of about seven weeks' confinement to his home, as the result of the accident, during which time compensation was paid by the employer, plaintiff, at the solicitation of the defendant's foreman, or superintendent, returned to work for the defendant, and continued for a period of several months to perform services in various capacities. According to plaintiff's testimony, he suffered severe pain during this entire period and was finally forced to quit work on December 17, 1943. No attempt was made on the part of defendant to attack or controvert this testimony by plaintiff, except through the testimony of medical witnesses, who testified that he was not disabled.
Four doctors testified on behalf of plaintiff and they were in substantial agreement on all points. An analysis of the testimony conclusively establishes the fact that the injury from the burn sustained by plaintiff resulted in the formation of a keloid over the entire area of the scar. This keloid growth unquestionably has impaired the use of the muscles of the left side of the back, the left shoulder and arm. As to the existence of pain, there can remain no question, and it was established that plaintiff could not normally lift his left arm, could not use the arm and shoulder in muscular exertion, could not carry loads upon his back, and, indeed, could not perform with any degree of comfort or ability any form of normal manual labor. We do not find it necessary to discuss that testimony which bears upon effects of the injury which would render plaintiff more susceptible to such diseases as duodenal, or gastric ulcers, nephritis and other kidney diseases, cancer, etc. Nor do we find it necessary in a determination of this case to comment upon any effect of the injury with reference to exaggeration or aggravation of syphilis from which plaintiff suffers. We are so firmly convinced, from an examination of the record, of plaintiff's disability that the addition of detailed comment as to the diseases above noted and their connection with the injury would be piling Pelion upon Ossa.
Plaintiff has more than amply sustained the obligation of establishing his disability by a preponderance of the testimony. Despite the usual difference of opinion between medical experts who testify in the respective interests of the contesting parties, we find nothing in the testimony of defendant's witnesses which would incline us to question or doubt the correctness of the judgment rendered.
For the reasons assigned, the judgment appealed from is affirmed at defendant's cost.